14367

THOMAS v. THOMAS

(188 S. E., 367)

*Messrs. McEachin & Townsend,* for appellant,

*Messrs. Grimsley & Nesmith,* for respondent,

October 31, 1936.

The opinion of the Court was delivered by Mr. Justice Bonham.

This action was heard by Judge Sharkey of the Civil Court of Florence County. It is one for alimony. The respondent alleges in her complaint that the apppellant, her husband, by his abusive and violent conduct toward her, and by his drunken, threatening, and obscene conduct, caused her intense pain and mental anguish; that he finally ordered her to "take her damn things and get out," thus forcing her to leave his home. The appellant, for answer, denies these charges, and alleges that respondent brought her relatives to live in his home, to be supported by him, and whose presence disturbed his peace and quiet and interfered with his rest; that, when he objected to this and requested them to leave, his wife became incensed and left the home of her own accord.

Judge Sharkey filed a decree, from which we copy: "On both sides there is evidence from which it might fairly be deduced that each party contributed in some measure to any discord that may have existed, but there is nothing to show that defendant was an habitual drunkard, as charged by plaintiff, or that he was guilty of any physical violence toward her. The plaintiff does testify that defendant was in some measure addicted to the use of intoxicants, and that on some occasions he used vile language, but beyond that her testimony does not go. There is much testimony regarding the presence in the home on two occasions, of certain 'in-laws' (relatives of the plaintiff), and the dissension that did exist between the plaintiff and defendant was apparently due in some measure to this fact—a situation that is often productive of troublous consequences in domestic affairs. So far as this aspect of the case is concerned, the defendant was not and should not have been required, against his will, to

support members of his wife's family in his home or elsewhere. But he had the legal right to require them to leave, and their temporary presence in the home even against his wishes would not have constituted just cause for ordering his wife to leave."

The trial Judge saw and heard the witnesses. There is evidence to support his finding that the appellant ordered the respondent to leave the home. The presence of unwelcome relatives of the wife in the home did not justify the appellant in ordering the wife to leave, nor relieve him of the obligation to provide for her support. He took her "for better, for worse," and, although disillusionment and disappointment may have followed the assumption of the marital obligation, he could not thus lightly relieve himself of it. She has evinced a willingness to return to the home if he wishes it, and if he will apologize for his treatment of her.

In answer to the question, "Would you take Mrs. Thomas back to live with you as your wife?" he answered: "No, Sir. Not after the unjust treatment I have had to go through with. I want an annulment of the marriage."

We do not think that the sum of $25.00 per month, which the appellant is ordered to pay to the respondent, as alimony, is unreasonable. Appellant earns about $160.00 per month; he owns a good house in the growing City of Florence, and a farm of 75 acres not many miles removed from the city, and testifies that he does not owe any debts. Nor do we think the fee of $200.00 awarded respondent's attorneys an excessive one. They tried the case in the lower Court and argued it in the Supreme Court upon a printed brief for the printing of which they, probably, had to pay.

The objections are overruled and the judgment is affirmed.

Mr. Chief Justice Stabler, Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice A. L. Gaston concur.

MR. JUSTICE BAKER (concurring) : Applying the general doctrine of *caveat emptor* to the facts of this case as disclosed by the record, I concur in the opinion of Mr. Justice Bonham.